Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| AVELINA LUCIANO JIMÉNEZ<br><br>Recurrida<br><br>v.<br><br>HOSPITAL WILMA N. VÁZQUEZ Y SU PERSONAL DE ENFERMERÍA, JOSÉ VARGAS Y OTROS<br><br>Recurrida<br><br>**DR. JORGE A. BUSTILLO CANCIO Y SIMED COMO SU ASEGURADORA**<br><br>Peticionario | KLAN202400816 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil núm.: BY2018CV01129 Consolidado con BY2019CV03737<br><br>Sobre: Daños, Médico-Hospitalaria y Daños y Perjuicios<br><br>**SE ACOGE COMO UN *CERTIORARI*** |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de septiembre de 2024.

Comparece ante este Tribunal de Apelaciones, el Dr. Jorge A. Bustillo Cancio y el Sindicato de Aseguradores para la Suscripción Conjunta de Seguros de Responsabilidad Médico-Hospitalaria, SIMED (en conjunto, los peticionarios) mediante el *Escrito de Apelación* del epígrafe, el cual se acoge como un recurso de *certiorari* por ser lo procedente en derecho.[1] No obstante, mantenemos inalterada su identificación alfanumérica por motivos de economía procesal.

Nos solicitan la revisión de una *Minuta-Resolución Enmendada* emitida por el Tribunal de Primera Instancia (TPI), Sala de Bayamón, el 22 de julio de 2024, notificada el 6 de agosto

---

[1] Los peticionarios recurren de una denegatoria una solicitud de sentencia sumaria. No obstante, mantenemos inalterada su identificación alfanumérica por motivos de economía procesal.

siguiente. Mediante el referido dictamen, el foro *a quo* declaró *sin lugar* la petición de sentencia sumaria parcial instada por los peticionarios.

El 11 de septiembre de 2024, los peticionarios presentaron una *Moción en Auxilio de Jurisdicción* solicitando la paralización de los procedimientos.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, al este ser prematuro. En consecuencia, declaramos *No Ha Lugar* a la solicitud en auxilio de jurisdicción.

**I.**

Del recurso presentado surge que, el 2 de julio de 2018, la Sra. Avelina Luciano Jiménez (la recurrida) instó una *Demanda* sobre Daños y Perjuicios por alegada mala práctica de la medicina (BY2018CV01129).[2] Adujo que, como consecuencia de las actuaciones de cada uno de los codemandados había sufrido, y continúa sufriendo, severos daños, los cuales valoró en $500,500. Posteriormente, dicha *Demanda* fue consolidada con la *Demanda* instada el 1 de julio de 2019 (BY2019CV03737).[3]

En lo pertinente al recurso ante nuestra consideración, surge que el 7 de agosto de 2023 los peticionarios presentaron una *Moción de Sentencia Sumaria Parcial* alegando que procedía la desestimación de la demanda instada contra el doctor Bustillo, por este haber actuado como asistente de la doctora Martínez Dones.[4] El 28 de septiembre siguiente, la recurrida presentó su oposición a dicho petitorio.[5]

Luego de instada por las partes una réplica y una dúplica, el 21 de febrero de 2024, el TPI celebró una vista argumentativa. En

---

[2] Véase, expediente digital del caso BY2028CV01129 del Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 1.
[3] Véase, Apéndice del Recurso, a la pág. 019.
[4] *Íd.*, a las págs. 022-033.
[5] *Íd.*, a las págs. 067-085.

la referida vista, y luego de escuchados los argumentos de las partes, el foro recurrido, en corte abierta, declaró sin lugar el petitorio desestimatorio sumario.[6]

El 19 de julio de 2024, los peticionarios presentaron una *Moción informativa sobre notificación de sentencia* indicando que aún no se había notificado el dictamen denegatorio de la solicitud de sentencia sumaria. [7]

El 22 de julio de 2024, el foro recurrido dictó una *Orden* para que se notificara la Minuta del 9 de febrero de 2024 como una Resolución.[8]

Así las cosas, el 6 de agosto siguiente se notificó la *Minuta-Resolución Enmendada* según ordenado.

Inconformes, los peticionarios acuden ante este foro apelativo, **el 5 de septiembre de 2024**, imputándole al foro de primera instancia haber cometido los siguientes errores:

1. ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE SENTENCIA SUMARIA SIN HACER DETERMINACIONES DE HECHOS.

2. ERRÓ EL TPI AL DENEGAR LA SOLICITUD DE SENTENCIA SUMARIA PARCIAL NO EXISTIENDO CONTROVERSIA QUE EL APELANTE DR. JORGE BUSTILLO CANCIO ERA UN ASISTENTE MÉDICO.

El 9 de septiembre de 2024, la recurrida presentó una moción intitulada *Oposición a expedición del auto certiorari (Incorrectamente denominado apelación).* En esta nos indica que, el 6 de septiembre del corriente, el TPI dictó una *Resolución* fundamentada declarando *Sin Lugar* la *Moción en solicitud de sentencia sumaria parcial* presentada por los peticionarios el 7 de agosto de 2023.

---

[6] *Íd.*, a las págs. 003-005.
[7] *Íd.*, a las págs. 158-159.
[8] Véase, SUMAC Entrada Núm. 353.

## II.

**Auto de *Certiorari***

Todo recurso de *certiorari* presentado ante nuestra consideración debe ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil (32 LPRA Ap. V. R. 52.1). En apretada síntesis, la referida norma dispone que el recurso de *certiorari* **solamente será expedido** para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, al amparo de las Reglas 56 y 57 o de la <u>denegatoria de una moción de carácter dispositivo</u>.[9]

A su vez, aun cuando un asunto esté comprendido dentro de las materias que podemos revisar, de conformidad con la Regla 52.1 de las de Procedimiento Civil, *supra*, previo a ejercer debidamente nuestra facultad revisora sobre un caso, es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento (4 LPRA Ap. XXII-B) se justifica nuestra intervención, pues distinto al recurso de apelación, **este tribunal posee discreción para expedir el auto** el *certiorari*. *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999). Por supuesto esta discreción no opera en el vacío y en ausencia de parámetros que la dirija. *I.G. Builders et al. v. BBVAPR*, supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

Precisa recordar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).[10] Así, pues, se ha considerado que la discreción se nutre de un juicio racional

---

[9] No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

[10] Citas omitidas.

cimentado en la razonabilidad y en un sentido llano de justicia y "no es función al antojo o voluntad de uno, sin tasa ni limitación alguna." *Íd.*[11]

A estos efectos, la Regla 40 de nuestro Reglamento, *supra*, enumera los criterios que debemos considerar al momento de determinar si procede que expidamos el auto discrecional de *certiorari. I.G. Builders et al. v. BBVAPR, supra.* Dicha regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de

---

[11] Citas omitidas.

discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).

**La jurisdicción**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la secretaría de un tribunal <u>antes de que el asunto esté listo para su adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno

tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA Ap. XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (...)
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

### III.

Analizado el recurso ante nuestra consideración, y como cuestión de umbral, nos corresponde atender el asunto relativo a la jurisdicción debido a que debe ser resuelto con preferencia a cualquiera otra cuestión.

Conforme surge del trámite procesal antes consignado, el recurso del epígrafe se presentó el 5 de septiembre de 2024. En el mismo se señaló que el foro *a quo* erró al declarar *sin lugar* una solicitud de sentencia sumaria parcial obviando los requerimientos de la Regla 36.4 de las Reglas de Procedimiento Civil. Sin embargo, al día siguiente, el TPI dictó una *Resolución* consignando los hechos en controversia y los incontrovertidos dando cumplimiento a la referida norma procesal.

Por tanto, a tenor con la fecha de presentación del recurso, concluimos que los peticionarios presentaron el mismo prematuramente. Esto, debido a que la *Resolución* que se interesa revisar se dictó y se notificó el 6 de septiembre de 2024. Enfatizamos que, una vez notificada comenzó a decursar el término para acudir ante esta *Curia*.

En conclusión, este tribunal intermedio no tiene jurisdicción, ante la presentación prematura del recurso de *certiorari*. Conforme el derecho expuesto, los tribunales debemos ser celosos guardianes de nuestra jurisdicción. La presentación de un recurso prematuro carece de eficacia, y consecuentemente, no produce ningún efecto jurídico, ya que no hay autoridad para acogerlo.[12]

**IV.**

Por los fundamentos antes expuestos, se desestima el recurso de epígrafe por falta de jurisdicción al este ser prematuro. En consecuencia, declaramos *No Ha Lugar* a la solicitud de auxilio de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[12] Véase, *MMR Supermarket v. Mun. de San Lorenzo*, 210 DPR 271, 289 (2022); *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 299 (2022).